COLVIN *v.* THE PRESIDENT AND DIRECTORS OF THE LIBERTY AND ABINGTON TURNPIKE COMPANY.

The defendant subscribed for four shares of stock of the *Liberty* and *Abington* turnpike company. He set up as a defence that a survey was made by the engineer and adopted by the board, and books were directed to be opened to receive subscriptions. Subsequently another survey, varying from the former, was adopted for the final location of the road. The defendant subscribed after the first survey and before the location was changed. *Held,* that this change of location did not release him from his liability.

APPEAL from the *Union* Circuit Court.

SMITH, J.—This was an action of debt brought by the appellees against the appellant, for the first and second instalments due by him as a subscriber for four shares of the capital stock of the *Liberty* and *Abington* turnpike company.

The suit was commenced before a justice of the peace and appealed to the Circuit Court, where the appellees obtained a judgment for the amount of said instalments.

The plaintiffs below gave in evidence, upon the trial, the stock books of the company with the defendant's subscription of stock, which was as follows:

" We, the undersigned, promise to pay the sum of five dollars for each share of stock set opposite our respective names, in such manner and proportion, and at such times as the president and directors of the *Liberty* and *Abington* turnpike company may direct.

" Provided, however, that no instalment on said shares shall be payable until 500 shares are subscribed and three months' notice given by public advertisement before the first instalment shall be deemed due. Provided also, that the amount of stock subscribed for by each subscriber may be liquidated by work and labor done on the turnpike, and materials found, under the direction of the president and directors of said company, which promises shall not be deemed void by any subsequent amendment of the charter by the general assembly, provided said amendment is accepted by the president and directors aforesaid." Signed " *Thomas J. Colvin,* 4 shares."

COLVIN
v.
THE PRESIDENT AND DIRECTORS OF THE LIBERTY AND ABINGTON TURNPIKE COMPANY.

*Wednesday, May 28.*

May Term,
1851.

COLVIN
v.
THE PRESI-
DENT AND DI-
RECTORS OF THE
LIBERTY AND
ABINGTON
TURNPIKE
COMPANY.

He also offered in evidence some entries upon the records of the company, showing certain proceedings of the board of directors, to the following effect:

In *March*, 1844, a charter, granted by the legislature on the 15th of the preceding *January*, was adopted, and it was ordered that a suitable engineer be engaged to survey, locate, estimate, and make ready for letting, a suitable route for a turnpike, commencing at *Liberty* and running thence to *Abington*, on the best and most available ground, at the least possible expense.

On the 18th of *June*, 1844, a report of a survey was made by an engineer employed for the purpose, which was approved and adopted by the board, and the board then directed books to be opened to receive subscriptions to the stock of the company.

In *July*, 1848, another survey was laid before the board by the engineer, varying in some particulars from the former, and after comparing the relative advantages and expense of the two routes, the last survey was adopted for the final location and construction of the road.

It appeared that *Colvin*, the defendant below, subscribed for the four shares of stock, after the adoption of the first survey and location of the road, and before the location was changed by the subsequent adoption of a different route, and he claims that he has been released from his liability to pay his subscription by this change of location.

We do not think such a defence is sufficient. There is no condition in the instrument subscribed that the road should follow the route described by *Colvin*, nor does it appear that any representations were made to him, for the purpose of procuring his subscription, that the road would finally be located on that route. With regard to the right of the board of directors to make such changes in the location of the road, not inconsistent with the terms of their charter, as they should deem best for the interest of the company, and this without releasing the stockholders who had subscribed after a particular survey had been

made and approved from liability to pay their subscriptions, we think there can be no doubt.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*J. Perry,* for the appellants.

*J. S. Reid,* for the appellee.