DAVENPORT & ST. PAUL R. R. Co. v. O'CONNOR.

1. **Contract: SUBSCRIPTION.** A subscription list, signed to aid in the construction of a railroad, provided that a certain payment should be made when the road intersected with another " at Wheatland" and " has been permanently located to and within the limits of the town of Wheatland, with a station at the same:" *Held,* that a construction of the road through the town and of the depot just outside of its limits was not a compliance with the terms of the contract.

2. ———: ———. That the committee, to whom the subscription list had been entrusted, with directions to turn it over to the company whenever they became satisfied that the latter had complied with its conditions, did in fact deliver it in the exercise of their discretion, does not render the contract binding upon subscribers.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, JUNE 9.

PLAINTIFF claims of defendant four hundred dollars on his subscription to the stock of plaintiff, three hundred dollars of which is claimed upon a subscription list, and one hundred dollars upon a stock note.

The subscription list is as follows: " We, the undersigned, hereby subscribe for the number of shares of the capital stock of the Davenport & St. Paul Railroad Company, set opposite to our names, for which we agree to pay at the rate of one hundred dollars per share to said company, upon the following conditions, viz: one per cent at the time of making the subscription, four per cent when the subscription paper is turned over to said company, and ninety-five per cent in installments, during the progress of the grading, as may be called for by the directors of said company, on thirty days' notice. But no more than one per cent can be called for, until a committee, or a majority of them, consisting of Hon. C. E. Leffingwell, T. D. Gamble, J. Stine, C. T. Jeppie and Henry Mohr, shall be satisfied that the line of said railroad, from Davenport to the intersection of the Chicago, Iowa & Nebraska Railroad, at Wheatland, has been permanently located to, and within

the limits of the town of Wheatland, with a station at the same, and a valid contract made by the said company for the construction of the work, when this subscription shall be turned over to said company by the committee, and shall become fully binding upon the subscribers. In the event that this subscription shall not be turned over to said company, the said committee shall return the said signers the said one per cent *pro rata*, less the preliminary expenses." To this paper defendant subscribed $400.

The note sued on bears date January 5, 1869, and is as follows: " In consideration of one share in the capital stock of the Davenport & St. Paul Railroad Co., I promise to pay the said company the sum of one hundred dollars, payable as follows, to-wit: one per cent to be paid down, and four per cent payable at any time after thirty days from date hereof, upon call of board of directors, the same to be used in paying the preliminary expenses in preparing said road for contract; the balance payable upon call of the board of directors in installments, not to exceed five per cent per month thereafter.

L. O'CONNOR."

The petition alleges a full performance of all the conditions mentioned in the subscription and note.

Defendant denies all the allegations of the petition, and alleges that the stock note was procured through false and fraudulent representations.

The evidence showed that, on the 6th of January, 1870, the committee turned the subscription over to the company. The company did not build its road within the limits of the town of Wheatland, as they existed when the subscription paper was signed. After the paper was signed, the limits of the town were extended, and the road runs across a corner of the present limits. The depot, according to the testimony of Stine, a witness for plaintiff, is four hundred feet outside the original limits of Wheatland, and according to the testimony of defendant it is eighty rods outside said limits. There was a jury trial, and a verdict and judgment for plaintiff for $390. Defendant appeals.

*I. Munroe*, for appellant.

*J. Stine*, for appellee.

DAY, J.—I. Appellant assigns as error the giving of the following instructions: " 1. To entitle the plaintiff to recover it must show, by a preponderance of evidence, a substantial performance on its part of the conditions upon which the said note and subscription were to be paid by the defendant, and if you find from the evidence that the plaintiff has constructed its railroad from Davenport, Iowa, to said town of Wheatland, or near to, or in the vicinity thereof, and within reasonable distance of said town, for the accommodation of its inhabitants and business, and that the plaintiff has erected a station or depot at said town, or within a reasonable distance thereof, for the said accommodation of the residents and business of said town, then you will be warranted in finding a substantial performance on the part of plaintiff, of the conditions upon which said note and subscription were to be paid; and, if you further find from the evidence, that payment of said note and the amount of said subscription had been demanded, and payment refused by the defendant, and that the necessary time had elapsed to make the same due by installments before the commencement of this suit, then the plaintiff would be entitled to recover the amount of said note and subscription."

" 2. If you find that there has been substantial compliance by the plaintiff with the conditions upon which said payments were to be made, as to the construction of its railroad, and a station to and at said town of Wheatland, for the accommodation of the business and residents of said town, and that there has been a demand and refusal as aforesaid, the plaintiff may recover, although it may not have been shown that final assessments were made on said note and subscription list and demand made for payment of such assessments at and during the time the work on said road was progressing, and although the plaintiff may not in fact have located or constructed its railroad and station within the limits of the town of Wheatland."

These instructions, we think, in so far as they refer to the location of the road and depot, are erroneous.

The contract of subscription provides that no more than one per cent shall be called for until the committee named shall be satisfied that the railroad has been permanently located within the limits of the town of Wheatland, with a station at the same. *At* may mean *in* or *near to*.

1. CONTRACT: subscription.

To determine its meaning here, we must consider it in connection with the other words in the same sentence. There is no ambiguity in the requirement that the road shall be located within the limits of the town of Wheatland. But why should the subscriber be particular to contract that the road should be located within the limits of the town if he intended to allow the company to locate its depot outside the limits of the town and simply near to, or within convenient distance of it.

It is plain there could be no advantage to the town or any resident of it in having the road run through it, and the depot outside. It is clear to us that the true construction of this contract requires that both the road and the depot shall be located within the town of Wheatland. The defendant had the right to impose his own terms upon his subscription, and having promised to pay upon the performance of certain conditions, it is not competent for the court to compel him to pay upon the performance of other conditions, and upon terms under which he would probably have been unwilling to subscribe.

II. It is claimed, however, that the subscription paper was turned over to plaintiff by the committee named, and that it became binding from that time. The subscription paper provides that it shall be turned over to the company and become binding on the subscribers when the committee named shall be satisfied that the road has been permanently located to and within the limits of the town of Wheatland, with a station at the same. Without being satisfied of these facts, the committee had no authority to turn the paper over to the company and make it binding.

2. ———: ———.

Jesse Stine is the only member of the committee who tes-

tified on behalf of plaintiff, and his whole testimony-in-chief is as follows: "On the 6th day of January, 1870, I and the committee became satisfied that the company had complied with the conditions of the subscription, and I went to Davenport and turned the subscription over to the company, and I took a receipt for it."

It is to be noted that he does not testify that the committee became satisfied, as the subscription requires, that the road had been located within the limits of the town of Wheatland, with a station at the same, but simply that the committee became satisfied that the company had complied with the conditions of the subscription. Probably the committee construed the contract as the court below construed it, and thought that its conditions did not require the location of the road and station within the limits of the town. It is certain that the committee were not satisfied that the road and station were located within the town, for, upon cross-examination, this witness states: "The company did not build its road within the limits of Wheatland, and has not a depot in Wheatland, and never located its road to run into Wheatland, and it never run nearer than it now does."

It is plain that the committee did not become satisfied of the existence of the facts, upon which depended their authority to turn the subscription paper over to plaintiff, and that the delivery of the subscription to plaintiff was unauthorized, and it did not thereby become binding.

The judgment must be

REVERSED.