No. 1,214.

CURRENT v. FULTON.

CONTRACT.—*Condition Precedent.— Waiver.—Recovery.*—If the part of a contract to be performed by the complaining party is a condition precedent to the performance of the part by the other party, and the plaintiff has not performed his part, he can not recover unless he shows either a waiver of the condition or that his failure is due to the acts or omission of the defendant.

SAME.—*Subscribers.— Revocation.* — Where a contract between subscribers and another party is binding upon condition that others also sign as subscribers, the contract becomes operative when the others have signed, and a subscriber who has signed it can not revoke it after it has become operative, without the consent of the others bound with him, and as to whom the contract is binding because of his obligation, the contract being one between the subscribers themselves as well as between the subscribers and the other party.

SAME.—*Alteration.— What Does not Amount to.—Evidence.*—Where one of the parties to a contract has signed the same, the other party can not make a memorandum signed by him a part of the contract merely by attaching the same to the paper on which the contract is written; neither was it an alteration of the contract, nor, by reason of such attachment, did the memorandum become admissible in evidence.

From the Jay Circuit Court.

*J. W. Headington* and *J. F. Lafollette,* for appellant.

*D. T. Taylor,* for appellee.

Ross, J.—Appellee sued and recovered judgment against the appellant for the sum of one hundred and thirty-six dollars and fifty-nine cents, upon the following contract, viz:

"We, the undersigned, citizens of Jay county, Indiana, agree to pay B. F. Fulton, or his assigns, the sum of one hundred twenty-five dollars, without relief from valuation or appraisement laws of the State of Indiana, to be paid in aid of the execution of the following agree-

ment on the part of said Fulton, and as hereinafter specified.

"Said Fulton agrees as soon as twenty or more subscribers have been secured hereto (averaging three to each mile along the route selected), to drill a well for gas at such place as he may select, as most convenient in his judgment, and if gas is obtained in sufficient quantity for the purpose, to pipe the same, agrees to lay a pipe line of sufficient capacity to supply all the subscribers thereto, and to a point not exceeding fifty feet from the residence of each of the subscribers hereto, and turn the gas into the same, subject to the free use of gas therefrom for so long a term as said well continues to produce gas in sufficient quantity to supply the subscribers hereto for lights and fuel in one dwelling, and for use under feed cooker for stock, and yard lights, if desired: *Provided, however,* That yard lights must be inclosed in glass cage, as stipulated by the laws of the State of Indiana.

"B. F. Fulton agrees to limit the number of consumers on said well to one hundred, and to confine and retain the product of said well for the exclusive use and benefit of not exceeding the equivalent of one hundred consumers, and to look after and keep said well and pipe lines in as good condition and repair as possible (natural wear and tear excepted).

"Said Fulton also agrees that in case of failure of gas in this well, the pipe lines shall remain as a permanent plant, and to furnish gas through same to the subscribers hereto for a sum not exceeding twenty-five dollars per annum each, or will join with the subscribers hereto in the drilling of a new well.

"Now, when said Fulton or his assigns shall have drilled the well (under this agreement) to a sufficient depth to test the presence of gas, we, the undersigned

subscribers, each agree to pay said Fulton the sum of one hundred twenty-five dollars, as follows, viz: Thirty-five dollars ($35) cash, and when said pipe line has been laid, and the gas turned into same subject to our use therefrom, to issue our notes for the balance, in three equal amounts of thirty-five dollars each, payable in eight months, sixteen months and twenty-four months, respectively, in bank, with eight per cent. interest from date, and approved security in said notes, to provide that the gas privilege for which they are given in settlement shall not pass nor rest in the maker until the same shall have been paid for in full, and that said Fulton may cut off the supply of gas from and dispossess the maker of the note from the benefits and use of gas if the provisions of said notes are not complied with, unless payment of same is otherwise satisfactorily arranged therefor.''

The errors assigned in this court are as follows:

''1st. The complaint does not state facts sufficient to constitute a cause of action.

''2d. The court erred in overruling the demurrer to the complaint.

''3d. The court erred in sustaining the demurrer to the amended third paragraph of answer.

''4th. The court erred in sustaining the demurrer to the amended fourth paragraph of answer.''

The appellant insists that the complaint is insufficient in that it shows that the appellee had not complied with his part of the contract sued on, and fails to show a sufficient excuse for his noncompliance entitling him to recover from appellant.

One party to a contract can not recover for a breach except he has performed or offered to perform his part. If the part to be performed by the complaining party is a condition precedent to the performance of the part by

the other party, and he has not performed his part, he can not recover unless he shows either a waiver of the condition, or that his failure is due to the acts or omission of the other party.

We think the allegations of the complaint clearly show that the failure of the appellee to lay the pipe line within fifty feet of appellant's residence was because appellant "refused to let him lay the same within fifty feet of his residence, but ordered him and his workmen who were laying the said pipe line off from his premises." It was not necessary that the appellee allege, as counsel insist, that he was on hand with men and material, and offered to lay a pipe line on the defendant's land to and within fifty feet of defendant's residence. Every objection urged is fully covered by the allegation that the defendant refused to let him lay the pipe line, and ordered him and his workmen off his premises.

The demurrer to the complaint also states as a cause therefor that there is a defect of parties defendant in that the other parties who signed the contract sued on were not joined. Counsel in presenting this cause for demurrer admit that they are unable to assign any very good reason for insisting that this cause was well taken, and the court is unable to see any. The contract sued on is several as to each of the parties signing it, and one had no interest and incurred no liability by reason of another's breach thereof. The appellant's contract was to pay a stipulated sum, a part of which was to be paid when the gas line was completed and gas turned into the same, and for the balance he was to execute his three notes of equal amounts due in eight, sixteen and twenty-four months.

One of the conditions of the contract which was signed by appellant and some twenty-six others, was that the appellee, when he had procured twenty sub-

scribers, averaging three to each mile along the route selected, should drill a well, and if it produced sufficient gas, lay a pipe line to a point not exceeding fifty feet from the residence of each subscriber.

Contracts of this character, which are binding upon a party upon the condition that others also sign, become operative whenever the others have signed, and one, having signed it, can not revoke it after it becomes operative, without the consent of the others bound with him, and as to whom the contract is binding because of his obligation.

While the contract in suit is one between the subscribers and the appellee, it is also in a sense a contract between the subscribers themselves, and can not be withdrawn or revoked as to one without consent of all. *Cravens* v. *Eagle Cotton Mills Co.*, 120 Ind. 6.

The third paragraph of answer to which the court sustained a demurrer is predicated upon the theory that appellant could revoke his subscription simply by giving apppellee notice of his withdrawal from the contract, without any regard to the rights of the other subscribers to have him remain bound by the terms of the contract. The answer was therefore insufficient.

The fourth paragraph of the answer is also bad. This paragraph is as follows:

"And for amended fourth paragraph of answer, said defendant says that he admits that he executed the written instrument sued on in the manner and form of the copy set out and marked 'Exhibit A,' with plaintiff's complaint, but he avers that after the same was signed by this defendant, and without his knowledge or consent, and for the purpose of inducing others to sign the same, the said Benjamin F. Fulton, plaintiff, changed said contract and written instrument by writing on a slip of paper and signing the same and attaching the said slip

622    APPELLATE COURT OF INDIANA,

Railsback v. President and Directors of the Wayne Co. Turnpike Co.

of paper so signed to said contract, or written instrument, to become a part thereof, the following words and figures, to wit: 'B. F. Fulton hereby further agrees that no part of the product of the well to be drilled under this agreement shall be piped to or marketed in Red Key, Dunkirk, Portland or Camden.        B. F. Fulton.'

"All of which was done by said plaintiff to change and alter said contract and agreement, and without the knowledge or consent of this defendant; wherefore he says that the written instrument sued on is not his act and deed."

By merely attaching to the paper, upon which the contract sued on was written, the memorandum signed by the appellee, he did not make it a part of the contract, neither was it an alteration of the terms of the contract, nor by its attachment to the contract did it become admissible as evidence.   When the appellee attached this memorandum to the contract, the terms of the contract were not changed, neither was appellant's liability thereunder increased or diminished.

Judgment affirmed.

Filed Oct. 12, 1894.