Rothenberger *v.* Glick.

ROTHENBERGER ET AL. *v.* GLICK.

[No. 2,693.    Filed Feb. 14, 1899.    Rehearing denied April 28, 1899.]

CONTRACTS.—*Church Subscription.—Change of Location of Church.—* A condition in a subscription made for the erection of a church, that the church was to be built upon a designated tract of land, is a reasonable one, and where the building was erected on a different site, over the subscriber's objection, the contract cannot be enforced. *pp. 288-290.*

SAME.—*Church Subscription.—Change of Location of Church.—Evidence.—* In the trial of an action for the recovery of a sum of money subscribed for the construction of a church building, conditioned that the building was to be erected upon a certain tract of land, evidence to the effect that the church trustees had borrowed money on the faith of such subscription, and used same in the construction of the church on another and different site, without the subscriber's consent, was properly excluded. *p. 290.*

SAME.—*Church Subscription.—Change of Location of Church.—Substantial Compliance with Contract.—*Where a subscription to aid in the construction of a church was made on condition that the church was to be erected on a particular tract of land described "on the present site" of the old church, the erection of the church on a different tract of land, on the opposite side of a public highway seventy or eighty feet from the old church, is not a substantial compliance with the contract. *pp. 291-294.*

From the Clinton Circuit Court.    *Affirmed.*

*Brumbaugh & Combs*, for appellants.

*John C. Farber*, for appellee.

ROBINSON, J.—Appellants sued appellee upon the following instrument: "We the undersigned agree to pay the sums annexed to our names to the treasurer of the Fair Haven Evangelical Lutheran church, Clinton county, Indiana, for the erection of a brick house of worship for said church, on the present site of the Fair Haven church, it being on a lot in the southwest corner of the northeast quarter section

Rothenberger *v.* Glick.

eight, town twenty-two north, range two west.  The payment of the sums subscribed is to be as follows, to wit: One-third on the 1st day of March, 1892, one-third on the 1st day of December, 1892, one-third on the 1st day of September, 1893.

| Names. | Amounts. |
| --- | --- |
| John Glick ............................ | $50.00." |

(With other subscribers.)            ,

Appellee answered in three paragraphs.  In the first paragraph he admits the signing of the subscription paper sued on, and pleads facts at great length, the effect of which is that appellants failed to comply with the condition of the subscription, that they abandoned the site described in the subscription contract, and erected the building, before suit was brought, upon another and different site, all of which was done over the objection and protest of appellee who was a member.  The second paragraph of answer pleads no consideration; and the third denial.  Overruling a demurrer to the first paragraph of answer is the first error assigned and discussed.

The subscription was not made upon the condition that others should subscribe, or that it should become payable only in the event a certain amount should be subscribed.  In such cases the contract is in a sense between the subscribers themselves, and one cannot withdraw or revoke his subscription without the consent of all.  See, *Cravens* v. *Eagle, etc., Co.*, 120 Ind. 6; *Current* v. *Fulton*, 10 Ind. App. 617.

In the case at bar, after the paper had been signed, and before its delivery, the subscription by appellee could have been withdrawn at any time; but after its delivery it became a contract between appellants and each of the subscribers, and was equally binding upon both parties.  The liability of each subscriber was in no way dependent upon the liability of the others.  Were this a suit on the subscription after it became due, and before the erection of the

church, we would have a different question from that presented. In such case, the building of the church is not a condition precedent to the payment of the subscription, but the subscription must be paid when due, and if an attempt is afterwards made to use the money in a way different from that stated in the subscription, the subscriber has his remedy. In such case, the presumption would be indulged that the building would afterwards be erected in accordance with the terms of the subscription.

The instrument in question, when executed, became a contract between appellants and each of the subscribers, and each became liable for the amount subscribed without reference to whether the others paid their subscriptions or not. The mutual promises of the respective subscribers, each with the other, may have been a part of the consideration, but that was by no means all. It must be admitted that the promise of appellants to use the money in erecting a new church building and to erect it upon a designated tract of land would be a valid consideration. Each of the subscribers entered into a contract whose validity was in no way affected by the contract of each of the other subscribers, and the instrument is to be construed without reference to whether it contains one or many names as subscribers. It is not material here what reason appellee may have had for making a subscription conditioned upon a particular location. The fact exists that it is a part of the contract between the parties. The condition is a reasonable one. The parties themselves have agreed to the contract, with its condition, and all the courts can do is to enforce it, according to its terms and conditions. The demurrer to the first paragraph of answer was properly overruled.

Overruling the motion for a new trial is assigned as error.

It appears from the record that the church was not erected on the premises described in the subscription paper, but was built on the opposite side of a public highway, and about

seventy-five or eighty feet from the old church. It is argued that this was a substantial compliance with the contract.

It appears from the evidence that the congregation decided to erect a new church, and that before the matter was finally settled a sharp contest arose whether it should be built on the old site or on the new one, and a number of meetings were held. There is some evidence that it was first decided to build on the old site, and that this was the decision of the church at the time the paper in suit was executed. The paper itself indicates that at that time the old site had been selected by the church. The congregation afterwards changed the location to that above named. Appellee was of the party desiring the new church to remain on the old site, and there is evidence that he never consented to the change, and refused to pay the subscription because the site had been changed.

There was no error in excluding evidence offered to show that appellants on the faith of this subscription had borrowed money in advance of the maturity of the payments for the purpose of erecting the new church. They had no right to presume that appellee would do other than he had promised to do in his subscription contract, and they had no right to set aside the old contract, and make a new one, without appellee's consent.

The question controlling the other matters discussed by counsel is, was there a substantial compliance with the terms of appellee's contract? The contract of subscription provides not only that the new church shall be erected "on the present site" of the old church, but it particularly describes the land upon which it shall be built. No discretion was lodged with any one as to location. The new church when built, was not located on the site of the old one, nor was it located on any part of the land described in the subscription paper. The location mentioned in the paper was wholly abandoned. It is not a case where an attempt was made to carry out a contract, and its requirements substantially com-

plied with, but the very terms of the contract were purposely abandoned. One of the substantive terms of the contract was disregarded. The facts show a decided purpose on the part of appellants not to perform the condition. The contract itself is perfectly plain, and if appellants desired to substitute a new contract in its place, they should show that such new contract had been executed. That a substantial building was in fact erected upon other ground across the highway, and that it will in every respect subserve the same purpose as completely as if erected on the ground described, is not the question. When appellee signed the subscription paper, he clothed no one with any discretionary authority as to location. Appellants are not seeking to enforce a contract that has been substantially complied with, but are seeking, in effect, to enforce against appellee a contract which he never made. *First M. E. Church, etc.*, v. *Sweny*, 85 Iowa 627, 52 N. W. 546; *Davenport, etc., R. Co.* v. *O'Connor*, 40 Iowa 477; *Dorris* v. *Sweeney*, 60 N. Y. 463; 1 Beach Mod. Contr., section 111; 2 Beach Priv. Corp., section 540; *Indianapolis, etc., R. Co.* v. *Holmes*, 101 Ind. 348; *Evansville, etc., R. Co.* v. *Shearer*, 10 Ind. 244; *Parker* v. *Thomas*, 19 Ind. 213; *Taylor* v. *Fletcher*, 15 Ind. 80; *Low* v. *Studabaker*, 110 Ind. 57; *Board, etc.*, v. *South Bend St. R. Co.*, 118 Ind. 68.

In *Colvin* v. *Turnpike Co.*, 2 Ind. 511, a subscription to build a turnpike road, there was no condition in the instrument subscribed that the road should be on any particular route.

In *Evansville, etc., R. Co.* v. *Dunn*, 17 Ind. 603, a subscription was made upon the condition that the road have a certain location. It was held that this was a condition upon which the party might stand, or he might waive it, and that afterwards giving a note for the amount of the subscription was a waiver of the condition.

In *Becker* v. *Turnpike Co.*, 65 Ind. 468, defense was made to the collection of a stock subscription on the ground that

the route between the termini had been changed after the subscription was made; but in that case the articles of association authorized the corporation to change the line so as to obtain the best route, but not to change the termini.

In *Board, etc.,* v. *Center Township,* 105 Ind. 422, the principle is announced that where the articles of incorporation authorize changes to be made in the line of a railroad, a subscriber will be held to have contracted with reference to such possible changes and will not be released by any changes made if they are within the limits fixed by the articles of incorporation.

In *Cravens* v. *Eagle, etc., Co.,* 120 Ind. 6, suit was brought on a stock subscription, which was made upon condition that $125,000 of solvent subscriptions, including $60,000 promised by the Eagle Cotton Mills Company, of Pittsburgh, should be obtained, and that the contract with the above named company for the purchase of its mills should be ratified by the votes of those holding a majority of the capital stock. It was claimed that the contract entered into with the Pittsburgh corporation, and ratified by a vote of the stockholders, was not the one contemplated by the parties and referred to in the contract of subscription. The court held that as the subscribers had agreed that the board of directors might exercise their judgment in obtaining and agreeing upon terms of purchase, and as a contract of purchase had been agreed upon and ratified by a majority of the stockholders, it was too late to assail such contract in an action to collect the subscription.

In *Sult* v. *Warren School Tp.,* 8 Ind. App. 655, a subscription was made to build a school building of certain dimensions "at" a certain town. The general rule was announced that a literal compliance with the conditions precedent as to size and location was not necessary, but that a substantial compliance would suffice; but it was not decided whether there had been a substantial compliance with the conditions in the case as to location, nor did the court say that a building

erected "near" a town would or would not comply with a condition requiring the building to be erected "at" a certain town.

In *Petty* v. *Trustees, etc.*, 95 Ind. 278, there was no change in the location of the church building, but there was a change in its size.   It was not decided whether or not there had been a substantial compliance with the terms of the subscription. But the subscriber, being one of the trustees of the church, nothing appearing to the contrary, the fair inference was that he consented to the change, and waived the condition of the contract.

In *Landwerlen* v. *Wheeler*, 106 Ind. 523, no defense was made on account of the violation of any condition contained in the subscription paper.   It appeared that after the paper was signed the words "payments to be made to John Wheeler, Esq." were inserted, and the jury found that after the subscriber had received notice of the change, he promised to pay his subscription, and acknowledged it as a debt due from him.

In the case at bar the evidence is very conflicting, but after a careful review of the record we can but conclude that there is evidence to support the finding, and that no error was committed in overruling the motion for a new trial.

Judgment affirmed.