442 P.2d 93

**S. Judson DUNAWAY and Rena L. Dunaway, husband and wife, Appellants,**

**v.**

**FIRST PRESBYTERIAN CHURCH OF WICKENBURG, Arizona, an Arizona corporation, et al., Appellees.**

**No. 8444.**

Supreme Court of Arizona.

In Division.

June 20, 1968.

Edward B. Ashurst, Wickenburg, and V. L. Hash (deceased), Phoenix, for appellants.

Liebsohn, Garrett & Goldstein, Phoenix, for appellees.

STRUCKMEYER, Justice.

This action originated as a suit to recover stock donated by the appellants to the appellee First Presbyterian Church of Wickenburg. From a judgment for the Church, granted at the close of the plaintiffs' case, the Dunaways have appealed.

The facts show that S. Judson Dunaway and Rena L. Dunaway, his wife, appellants, are residents of Maine. In the past they wintered in Wickenburg, Arizona, and there attended the First Presbyterian Church of Wickenburg. The congregation of the Church resolved to construct a much-needed building facility for Sunday school purposes. A building and finance committee was appointed to consider a building site and financing for the prospective construction. In the spring of 1960, Dunaway, being an experienced and successful businessman, at the request of the Reverend Poling, minister of the Church, addressed this committee to suggest a program for fund raising. At the close of the meeting, Dunaway stated that he and his wife would "start the ball rolling" by a contribution of stock worth $10,000 to be applied to the construction of the Sunday school building and stipulating that there be a plaque "honoring Reverend and Mrs. Poling."

After returning to their home in Maine, appellants forwarded the stock which was received in the mail by the Reverend Poling, who transferred it to the Church treasurer. Thereafter, the Reverend Poling resigned as pastor of the first Presbyterian Church of Wickenburg. On September 22, 1961, certain Church officials wrote and asked the Dunaways for permission to use $8,000 of the stock to purchase lots across the street from the church. The Dunaways refused to grant such permission and requested the return of the stock and dividends which were being held for the Church by The Presbytery of Phoenix, an Arizona corporation. This request was refused.

On January 22, 1962, the Dunaways filed suit to recover the stock and dividends on the theory that the stock was specifically limited to the building of an addition to the Sunday school building of the Church and as a memorial for the Reverend Poling and for no other purpose. At the close of the Dunaways' evidence, the trial court, sitting without a jury, granted the Church's motion to dismiss the complaint for failure to state a claim and, thereafter, made findings of fact and conclusions of law and entered judgment against the Dunaways.

Appellants first urge that the trial court erred in rendering judgment and making findings of fact and conclusions of law because the dismissal of the complaint

deprived the court of any further jurisdiction. Procedurally, the entering of an order dismissing the complaint at this stage of the proceedings was improper. However, the court entered judgment on appellees' motion, and findings of fact and conclusions of law were made in support of the judgment pursuant to Rule 52(a), Rules of Civil Procedure, 16 A.R.S. In the light of the written, signed judgment entered in compliance with Rule 58(a), Rules of Civil Procedure, 16 A.R.S., the order dismissing the complaint was clearly treated in the court below as ineffective and a nullity. We agree that it was properly so treated, although the better practice would have been to direct that the order of dismissal be vacated.

The evidence is uncontradicted that the purposes of the gift were to build an annex to the Sunday school, that the annex was to be known as a memorial to Reverend Poling and that a plaque was to be placed in the building. Appellants urge that the trial court erred in rendering judgment for the Church and The Presbytery of Phoenix for the reason that the gift was specifically limited to the stated purposes, being a gift with conditions attached.

The trial court concluded:

> "A mere declaration as to a particular charitable use or purpose to which gift property shall be applied without more does not constitute as a matter of law a condition. Consequently, plaintiffs' general statement with regard to the purpose for which the shares of stock were made merely constituted a general and precatory statement of plaintiff's [sic] motive for the use of the gift but did not as a matter of law import a condition." (Court's Conclusion of Law No. II.)

It is clear that the Dunaways' offer to "start the ball rolling" by giving $10,000 worth of stock to the Church was a charitable subscription. As to charitable subscriptions, the law in this country is neither uniform nor well settled. Some courts have failed to find any consideration in a promise to make a gift. 1 Williston on Contracts, revised ed., § 116. But where the gift has passed into the hands of the donee, there is an implied promise agreeing to the purposes for which it is offered from the acceptance of the donation and there arises a bilateral contract supported by a valuable consideration. Rothenberger v. Glick, 22 Ind.App. 288, 52 N.E. 811; Barnett v. Franklin College, 10 Ind.App. 103, 37 N.E. 427; Thompson v. Société Catholique d'Education Religieuse et Litteraire, 157 La. 875, 103 So. 247; Central Main General Hospital v. Carter, 125 Me. 191, 132 A. 417, 44 A.L.R. 1333; In re Griswold's Estate, 113 Neb. 256, 202 N.W. 609, 38 A.L.R. 858; Nebraska Wesleyan University v. Couch's Estate, 170 Neb. 518, 103 N.W.2d 274; Allegheny College v. National Chautauqua County Bank, 246 N.Y. 369, 159 N.E. 173, 57 A.L.R. 980; First Methodist Episcopal Church of Mt. Vernon v. Howard's Estate, 133 Misc. 723, 233 N.Y.S. 451; Furman University v. Waller, 124 S.C. 68, 117 S.E. 356, 33 A.L.R. 615.

In In re Griswold's Estate, supra, the Court said:

> "While in the case of a mere promise to make a gift or donation to a college subject to no condition and imposing no obligation upon the college with respect thereto could not be enforced, we think that when, as in this case, the college is required to perform certain duties with respect to the specific fund, its acceptance thereof and reliance thereon and promise to carry out the wishes of the donor supply the consideration." 202 N.W. at p. 616.

And in Allegheny College v. National Chautauqua County Bank, supra, in an opinion by Chief Justice Cardozo, the Court said:

> "We think the duty assumed by the plaintiff to perpetuate the name of the founder of the memorial is sufficient in itself to give validity to the subscription within the rules that define consideration for a promise of that order. When the promisee subjected itself to such a duty at the implied request of

the promisor, the result was the creation of a bilateral agreement. [Citations] There was a promise on the one side and on the other a return promise, made, it is true, by implication, but expressing an obligation that had been exacted as a condition of the payment. A bilateral agreement may exist though one of the mutual promises be a promise 'implied in fact,' an inference from conduct as opposed to an inference from words. [Citations] * * * The fair implication to be gathered from the whole transaction is assent to the condition and the assumption of a duty to go forward with performance. [Citations]" 159 N.W. at p. 176.

After the Dunaways sent the stock to Reverend Poling and he gave it to the Church's treasurer, the Church exercised dominion over it by turning it over to appellee, The Presbytery of Phoenix. The communication received by the Dunaways which requested permission to use $8,000 of the gift for land and the refusal to return the stock is further evidence of the exercise of dominion over the stock. The transaction is plainly within the purview of the Restatement of Law of Contracts, § 72(2) providing:

> "Where the offeree exercises dominion over things which are offered to him, such exercise of dominion in the absence of other circumstances showing a contrary intention is an acceptance."

We hold that on the present state of the record the Church, by exercising dominion over the stock, assented to the conditions of the donation and is bound both in law and in good conscience to perform the conditions or to return the stock and dividends.

That the stock and dividends must be returned if the Church fails to perform the purposes of the gift has been decided in parallel circumstances:

> "We think the rule stated in First Church of Christ Scientist in Buffalo v. Schreck, 70 Misc. 645, 127 N.Y.S. 174, taken in turn from Rector, etc., of Church of Redeemer v. Crawford, 43 N.Y. 476, is the correct one applicable to the case before us: 'Where a religious society raises a fund by subscription for a particular purpose, it cannot divert the fund to another purpose, and, if it abandons such purpose, the donors may reclaim their contributions.'" Barker v. Wardens and Vestrymen of St. Barnabas Church, 176 Neb. 327, 126 N.W.2d 170 at p. 177.

There is a suggestion by the Dunaways that the proposed Sunday school should be annexed to the original church building. S. Judson Dunaway testified that he did not know whether he and Mrs. Dunaway would have made a contribution for its erection at some other place. In the light of this testimony, we are of the view that since they did not know whether they would have opposed the building of the Sunday school at a place other than as a part of the original church building, it was within the contemplation of the Dunaways that the purpose of the donation would be satisfied if the proceeds were applied to any Sunday school building suitable for the Church's use in Wickenburg.

The judgment is reversed with directions that the court below on retrial shall, assuming the significant facts are found as stated in this decision, determine whether appellees have applied the stock to the purposes for which it was donated and, if so, to enter judgment in their favor and, if not, to allow appellees a reasonable time to comply with the conditions of the donation. If appellees have not complied and do not comply within a reasonable time, judgment shall be entered in favor of the Dunaways.

McFARLAND, C. J., and BERNSTEIN, J., concur.