James M. Prime, appellee, v. Waite H. Squier, appellant.

Filed March 11, 1921. No. 21246.

1. **Corporations: Sale of Stock: Rescission.** Where corporate stock is sold upon the faith of representations of fact as to the corporation and its property, under an express agreement that if, after careful investigation, the buyer is not entirely satisfied the property is as represented, he shall receive his money back upon tender of the stock, the intent of the contract being that the buyer's right to rescind shall depend upon the truth or falsity of the representations, rather than upon his mere taste or liking, he is presumed to have undertaken to act reasonably and fairly in the ascertainment of the facts. In such case, his decision that he was not satisfied is not conclusive, and, to entitle him to rescind, it must appear that the facts were such as to justify a reasonable man in reaching that conclusion.

2. ————: ————: **Trial: Inconsistent Instructions.** In an action to recover the purchase price of corporate stock under an agreement permitting the buyer to rescind, if satisfied, upon investigation, that the property was not as represented, the court, at plaintiff's request, instructed that, if the plaintiff honestly and in good faith decided it was not as represented, his decision was conclusive, though wrong. On its own motion, the court also instructed that the evidence coming to the plaintiff must have fairly and reasonably satisfied him that the property was not as represented. *Held*, that the two instructions were inconsistent, and the error in charging that the buyer's decision was conclusive, though wrong, was prejudicial, and was not cured by instructing that the evidence must have fairly and reasonably satisfied him.

Appeal from the district court for Douglas county: Willis G. Sears, Judge. *Reversed.*

*Montgomery, Hall & Young* and *Emmet Tinley,* for appellant.

*Kennedy, Holland, DeLacy & McLaughlin,* contra.

Dorsey, C.

The defendant, Waite H. Squier, sold to the plaintiff, James M. Prime, 1,250 shares of the stock of the Onahman

Iron Company, a Minnesota corporation, with mining property near Duluth, for $3,750, and at the same time executed to the plaintiff a written agreement to the following effect: "I hereby guarantee to return to you the amount so paid me  *  *  *  if prior to October 1, 1917, after a visit to the mine and a careful inspection of same, you are not entirely satisfied the property is all that you have been led by me and others to understand it is; the same to be paid to you upon due transfer to me of your said stock."

The plaintiff did not inspect the mine until May, 1918, his trip having been deferred by mutual consent, and upon his return in June, 1918, from his visit to the mine he tendered back the stock and made formal demand for the return of his money, which was refused. This action was afterwards brought to recover the purchase price of the stock under the terms of the agreement above quoted. The verdict and judgment were for the plaintiff, and the defendant has appealed.

The questions raised upon this appeal depend for their solution largely upon a construction of the contract as to the effect upon the plaintiff's right to rescind the sale, of the words "you are not entirely satisfied," appearing therein. The trial court, at the plaintiff's request, gave the following instruction: "You are instructed that, if you believe from a preponderance of the evidence that the plaintiff honestly and in good faith from the evidence received by him on said trip of visitation reached a conclusion that the mine and its management were not as represented to him by defendant and others, then his decision is conclusive, and you will find for the plaintiff, even though you believe that his decision was wrong." The giving of this instruction is assigned as one of the principal grounds for reversal.

Counsel for the plaintiff and appellee rely upon *Thurman v. City of Omaha,* 64 Neb. 490, as authority for the foregoing instruction. In that case a bid was made for city bonds, "subject to our attorney's opinion as to the

legality of the issue," and the attorney refused to approve the issue; whereupon Thurman refused to take the bonds and brought suit to cancel the certified check accompanying his bid. In reaching the conclusion that, under the circumstances of that case, the attorney's opinion was conclusive, it is said in the opinion: "In some cases where the obligation of one of the parties is made dependent upon his approval of the subject of the contract, * * * it is implied that such approval be given whenever the facts are such as to lead the trier of fact to the conclusion that it ought to have been given, and if the trier of fact so concludes, disapproval or failure to approve by the party to whom the matter is left in the contract may not be availed of. In other cases the opinion or decision of the person designated in the contract is conclusive, and his pronouncement will not be reviewed, if he actually and honestly exercises his judgment and states his opinion. The nature of the contract and the character of the required decision or opinion must determine to which class a given cause is to be referred. Contracts of purchase and sale are usually of the latter class, and contracts of any sort are, as a rule, to be put in that class where the approval stipulated for involves either judgment in matters of taste or the personal opinion of one chosen for some special and peculiar reason. * * * If a contract of sale of something already existing is expressly made subject to the approval of the purchaser, or of some one for him, and such approval involves personal judgment or opinion, the person whose judgment is required is made the sole arbiter, and his decision is conclusive, provided he really passes upon the question and reaches a conclusion honestly, whether his conclusion is right or wrong. The parties have stipulated for his opinion, not for the decision of a judge or jury."

As intimated in the discussion from which we have quoted, the nature of the contract and the character of the required opinion is to be considered in determining whether the case falls within that class in which the opinion

of the party designated is to be accorded conclusive weight, or within that class in which its reasonableness or propriety is to be tested by judicial inquiry. In other words, the intent of the parties, as disclosed by their agreement, must govern. Examining the contract which forms the basis of the plaintiff's alleged right to rescind the sale of the mining stock and to have his money refunded, the following facts appear therefrom: First, that representations had been made by the defendant to the plaintiff relative to the mining property; second, that the plaintiff's right to return the stock and receive his money back was made dependent upon the truth or falsity of those representations; third, that the plaintiff was to make a careful inspection of the mine and to base his determination as to the truth or falsity of the representations upon that inspection; and, fourth, he was to be entirely satisfied that the representations were true. It was, in short, a completed sale of mining stock, subject to rescission by the plaintiff upon condition subsequent, namely, that the plaintiff should have the right of later inspection to determine whether the representations were true, and to be satisfied that they were true. He said to the defendant, in effect: "I will buy your stock, but I reserve the right to return it and get my money back if, when I inspect the mine, I find it is not as you represented it." The plaintiff purchased the stock on the faith of the defendant's representations, but upon condition that he might verify them later, and, if he found them false, might rescind his purchase.

It is the representations which differentiate the case at bar from those cases in which the opinion or judgment of the purchaser in a contract of sale has been held conclusive. The contract was not an unqualified reservation to the plaintiff of the right to rescind the sale if, on later inspection, he was not satisfied with the property or with his investment. The right to rescind was reserved to the plaintiff if, after inspection, he was not satisfied the property was what he had been led to believe it was. If the

contract were that he was to be satisfied with the property or investment, it would call for that state of mind or mental condition, called "satisfaction," which relates solely to the personal taste or liking. If, on the other hand, he was to be satisfied, by inspection, as to whether certain things that had been told him with reference to the property were true or false, it called for the exercise of other mental faculties than those of mere taste or liking, or those which produce "satisfaction," in the sense of "contentment" with a thing; it brought into play the faculties of weighing evidence, of reasoning and of judging, and, in that connection, to be "satisfied" means to be "convinced."

An example of those cases which call for personal taste or liking is to be found in *McCrimmon v. Murray*, 43 Mont. 457, 464, cited by counsel for the plaintiff in support of the rule adopted by the trial court in the instruction under consideration. In that case the plaintiff furnished information to the defendant as to a vein of ore upon the latter's promise to pay him a certain part of the selling price of the mining claim, "if upon investigation by the defendant, in his judgment, the said information should be satisfactory to him." It was decided that his judgment was controlling and conclusive, though it was to be exercised honestly and in good faith.

In *Paulson v. Weeks*, 80 Or. 468, also, a like conclusion was reached, where stock was sold with the reservation of the right to rescind, "if plaintiff should at any time thereafter become dissatisfied with the purchase of said shares of stock."

And if the contract in the instant case had been that the plaintiff should have his money back if, upon inspection, the mine or his investment was not satisfactory to him, there would be strong ground for holding that he had stipulated for his personal taste or liking and was entitled to the exercise of it. But where the transaction, in its very essence, involved the truth of the representations upon which he had bought the stock, and he had stipulated for the right to rescind in case he was not satisfied, after

a careful inspection, that they were true, it was not a matter of personal taste or liking dependent upon his uncontrolled judgment, but a question as to the existence or nonexistence of certain facts, in the ascertainment of which he is presumed to have undertaken to act reasonably and fairly. From this, it is said in *Wood Reaping & Sewing Machine Co. v. Smith,* 50 Mich. 565, "springs a necessary implication that his decision in point of correctness and the adequacy of the grounds of it are open considerations and subject to the judgment of judicial triers."

By the instruction complained of the jury were limited in their inquiry to finding whether or not the conclusion that the mine and its management were not as represented was arrived at by the plaintiff honestly and in good faith, from the evidence received by him on his trip of inspection. If he did so, his decision was conclusive. It was not required that the jury find that the facts upon which he founded his conclusion were such as to justify a reasonable man in reaching that conclusion. In view of the fact that from the contract itself it plainly appears that the sale was induced by representations, and that it was the intent that the plaintiff's right to rescind should depend upon the accuracy thereof, we are convinced that he should not be permitted arbitrarily or without reason to say that he was "satisfied" the representations were false, even though a reasonable mind, in the light of the same evidence, would be convinced to the contrary. The instruction in question was therefore erroneous. *Fessman v. Barnes,* 108 S. W. (Tex. Civ. App.) 170; *Fechteler v. Whittemore,* 205 Mass. 6; *Gladding, McBean & Co. v. Montgomery,* 20 Cal. App. 276; *Waite v. Shoemaker & Co.,* 50 Mont. 264; *Duplex Safety Boiler Co. v. Garden,* 101 N. Y. 387.

In other instructions, given on the court's own motion, the jury were told that the right to rescind "must be reasonably exercised" by the plaintiff, and that before he could exercise that right the evidence coming to him must "fairly and reasonably" satisfy him that the mining propo-

sition was not a prosperous and successful concern, as represented. These instructions, however, would necessarily lose their force and be superseded in the jury's mind by the instruction hereinbefore considered, given at the request of plaintiff, in which the issue was made to turn wholly upon the plaintiff's honesty and good faith, and the jury were told that, if he was honest in it, his decision was conclusive, though wrong. This was the same as saying that his decision, though unreasonable, was conclusive if honestly arrived at. It is evident that these instructions cannot stand together, and that the instructions given on the court's own motion do not cure the error in the other instruction.

When the taking of evidence was concluded, the defendant moved for an instructed verdict in his favor, on the ground that the evidence was insufficient to entitle the plaintiff to recover, and the court's refusal to so instruct is assigned as error. We have read the evidence offered on behalf of plaintiff, which consisted of his testimony as to what he saw and what occurred during his visit of inspection to the mine, and the letters that he wrote to the defendant after his return. He testified, also, as to the representations that had been made to him relative to the mining stock and property. We are not prepared to say that, under proper instructions, this evidence would have been insufficient to show *prima facie* a right of recovery on the plaintiff's part. We are satisfied that there ought to be a new trial of this case in accordance with the correct rule governing the plaintiff's right to rescind the sale, and the evidence can then be tested and its sufficiency determined with reference to that rule. These observations apply also to certain alleged errors in the rulings of the trial court in the admission of testimony.

For the reasons stated, we recommend that the judgment of the court below be reversed and the cause remanded.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the court below is reversed and

the cause remanded, and this opinion is adopted by and made the opinion of the court.

REVERSED.