LORENZO FLOWER ET AL., APPELLANTS, V. FRANK E. COE, APPELLEE.

FILED DECEMBER 7, 1923. No. 23301.

**Vendor and Purchaser:** TITLE: REFERENCE TO ATTORNEY. Where parties to a contract for the purchase of land stipulate for a title satisfactory to vendee's attorney, the latter's decision is final, if he acts reasonably and honestly in good faith, and not captiously or capriciously.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*Ritchie, Canaday & Swenson,* for appellants.

*Pitzer & Tyler, contra.*

Heard before MORRISSEY, C. J., ROSE and GOOD. JJ., REDICK, District Judge.

ROSE, J.

This is a suit to require Frank E. Coe, vendee, defendant, to perform a contract to purchase from Lorenzo Flower, Eva B. Flower, his wife, Charles E. Flower, and Clara M. Flower, his wife, vendors, plaintiffs, 166.25 acres of land in Scotts Bluff county at $200 an acre, less "amount of bonded water rights," a mortgage for $17,000, and all other liens. The contract was executed October 25, 1920. Pursuant to its terms defendant paid plaintiffs at the time $500 and agreed to pay $4,500 upon the furnishing of an abstract showing "title satisfactory to attorney" for defendant, and

the remainder of the purchase price March 15, 1921. Defendant resisted specific performance on the ground that the abstract furnished was not satisfactory to his attorney, who so expressed himself in a written opinion, pointing out what were regarded by him as defects in the title. The answer of defendant contained a cross-petition demanding judgment for the amount of his payment on the purchase price. The theory of plaintiffs is that they furnished "an abstract of title showing a good title of record," which defendant, under the specific terms of his purchase, was bound to accept as "satisfactory," his attorney's opinion that the title was unsatisfactory having been given in bad faith, without reason, captiously and capriciously, for the purpose of enabling defendant to evade his contractual obligations. The facts upon which the parties rely are pleaded in detail. Upon a trial of the issues the district court found generally in favor of defendant, dismissed the petition of plaintiffs and entered judgment against them for the initial payment of $500 on the purchase price. Plaintiffs have appealed.

The question presented is the right of plaintiffs to specific performance under the pleadings and the evidence. The solution depends on the contract and what was done under it. The burden of proving bad faith on the part of defendant's attorney was on plaintiffs who made that charge. There is no direct proof that the attorney did not give his client an honest opinion or that in the performance of his duties he acted captiously, capriciously or unreasonably. There is nothing in the evidence to justify a finding that he did not act in good faith in examining the abstract and in expressing the opinion that the title was unsatisfactory, unless bad faith is inferable from his decision. The attorney pointed out what, according to his views, he considered to be defects in the title. Among those enumerated were an unsatisfied mortgage, a failure to show "the amount due and times of payments of bonded water rights," and a discrepancy in the identification of a portion of the land. Without adjudicating the merits of these and other objections, it is obvious that, considered with the abstract, they

were such as could have been honestly made in good faith by a capable lawyer.

Was defendant, under the terms of the contract, bound to be satisfied with what might be "a good title of record," without regard to the opinion of the vendee's attorney that the title of vendors was not satisfactory?

In the contract plaintiffs are called "party of the first part" and defendant is called "party of the second part." Some of the terms are printed and others are in typewriting. The following agreement is printed:

"The said party of the first part agrees to furnish to second party a good and sufficient abstract of title showing a good title of record to the premises."

In the printed matter plaintiffs further agreed to convey the land "in fee simple" by "good and sufficient warranty deed." They argue that defendant is bound to be satisfied with a "good title of record" conveyed by a "good and sufficient warranty deed," that they have offered to comply with these terms, that there are no meritorious objections to the title, and that defendant is protected by a contractual right to retain a portion of the purchase price until plaintiffs furnish a satisfactory abstract. The fallacy in the argument is the failure to recognize the true import of the obligation to furnish an abstract showing title satisfactory to the attorney for defendant. In typewriting the following provisions were inserted in the printed form:

"Abstract to show title satisfactory to attorney for party of second part."

"First payment of $500 to be returned to party of second part by party of first part, and this agreement canceled, if said abstract does not show title satisfactory to party of second part."

If the provision for "a good title of record" is inconsistent with a "title satisfactory to attorney for party of second part," the latter controls under the following statutory rule of construction:

"When an·instrument consists partly of written and part-

ly of printed form, the former controls the latter, where the two are inconsistent." Comp. St. 1922, sec. 8850.

The contract not only requires a "good title of record" but goes further and requires a "title satisfactory to attorney for party of second part."

The general and statutory rules of construction require the courts to give effect to every part of a contract. A satisfactory title, when examined by the attorney for the purchaser, is not necessarily the same as a "good title of record." A purchaser may exact more than a good or merchantable title. Delays, expenses and costs of litigation are sometimes consequences of accepting "a good title of record." A vendee may contract for protection from such contingencies by requiring a satisfactory title. Parties to a contract of purchase are competent to bind themselves by an agreement to abide by the opinion of the purchaser's attorney on questions in respect to a satisfactory title. Such a provision cannot be disregarded or minimized in giving effect to the terms of a purchase. There is abundant precedent for the doctrine that parties to a contract of purchase may make the purchaser or his attorney the sole judge of title in respect to its being satisfactory, subject to the limitation that the arbiter must act in good faith, honestly and reasonably, not captiously or capriciously. Cases on this topic are collected in a note beginning on page 741 in 18 L. R. A. n. s. The present case falls within the rule stated, making the opinion of the arbiter conclusive. *Thurman v. City of Omaha*, 64 Neb. 490. *Prime v. Squier*, 105 Neb. 766, belongs to another class of cases. There is nothing to show that the opinion of the attorney in the present instance was not honestly given or that it was unreasonable or that he acted captiously or capriciously. With the principal question thus determined, there is no error in the judgment from which the appeal is taken.

AFFIRMED.