STATE OF NEBRASKA EX REL. MRS. MAUD HUBBARD, APPELLANT, V. VIRGIL NORTHWALL ET AL., APPELLEES.

36 N. W. 2d 282

Filed March 11, 1949.   No. 32542.

*Ralph R. Bremers,* for appellant.

*James J. Fitzgerald* and *Joseph P. Inserra,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in mandamus by the State on relation of Maud Hubbard, relator, who is appellant here, against Virgil Northwall, Dr. George A. Young, and Robert Smith as commissioners of the county board of mental health of Douglas County, Nebraska, who are appellees here.

The appellant filed a petition wherein it was alleged that one George Hubbard on July 10, 1945, was found by the appellees to be mentally ill and on warrant for

removal issued by the said appellees he was taken on August 31, 1945, to the State Hospital for the Mentally Ill where ever since he has been incarcerated. It was not alleged that there was anything illegal or improper in the commitment or in the incarceration up to October 10, 1947. Maud Hubbard is the wife of George Hubbard.

It was alleged that on October 10, 1947, the relator made written demand upon the appellees for removal of the said George Hubbard from the State Hospital for the Mentally Ill to a hospital in Omaha, Nebraska, equipped to handle and care for this type of patients. It was alleged that the St. Joseph Hospital of Omaha, Nebraska, has a duly approved psychiatric ward and that Dr. Frank Barta of that city had agreed to care for the said George Hubbard.

It was further alleged that the demand was refused and that appellees' refusal is violative of section 83-341, R. S. 1943, as amended.

The prayer of the petition was for an alternative writ of mandamus requiring appellees to execute and deliver an order of release of the custody of George Hubbard from the State Hospital for the Mentally Ill and for transfer of his custody to the psychiatric ward at St. Joseph Hospital and Dr. Frank Barta and that on hearing the writ be made absolute.

The district court issued an alternative writ of mandamus and an order to the appellees to comply with the writ or show cause for a failure so to do.

To the petition the appellees filed a demurrer the grounds of which are as follows:

"1. That the petition filed by the relator does not constitute a cause of action against these named respondents.

"2. That the court has no jurisdiction over the person or the subject matter of the action at this time."

No further pleadings were filed in the action. The matter came on for hearing before the court and evidence' was taken which was preserved and brought here by

bill of exceptions. We think that the evidence requires no consideration since it is made clear by an entry denominated memorandum opinion and order of dismissal that the judgment which was unfavorable to the relator was rendered on the substantial ground that the petition failed to state a cause of action.

Whether or not the district court decided correctly in this respect depends upon the proper interpretation of section 83-341, R. S. 1943, as amended by section 83-341, R. S. Supp., 1947, which is the following:

"Whenever the relatives or immediate friends of any patient in a state hospital for the mentally ill who is not cured, and who cannot be safely allowed to go at liberty, apply for the transfer of that patient to the county for care outside of the hospital, the county board of mental health of the county may make provision for the care of that patient within the county as provided in this act, and shall order the patient to be discharged from the hospital. No patient who is under charge or conviction of homicide shall be discharged under this section without the order of the Board of Control."

The theory of appellant's petition is that on application pursuant to this statute for the transfer of a patient from a state hospital for the mentally ill to a county for care therein the county board of mental health is required to comply therewith and to provide for the care of such patient in the county, and that for failure so to do action in mandamus will lie to compel performance.

The theory of the demurrer is that the statute is not mandatory but on the contrary is permissive only, thus leaving the county board of mental health free to exercise its discretion in any such case. The district court sustained the contention of appellees.

The word "may" is used in the statute. The word on its face denotes a discretionary power in the board. The general rule is that in construing a statute the subject of the enactment should be taken into account with nothing avoided if that is possible and with the language em-

ployed considered in its plain, ordinary, and popular sense. Hagenbuck v. Reed, 3 Neb. 17; Pierson v. Faulkner, 134 Neb. 865, 279 N. W. 813; Hansen v. Dakota County, 135 Neb. 582, 283 N. W. 217; In re Guardianship of Kraft, *ante* p. 171, 33 N. W. 2d 534.

This general rule is applicable unless it is made to appear from the relation of the word to other words and to the entire context of the provision and the purpose to be accomplished by the statute that the Legislature intended it to have a mandatory application, or in other words mean "shall."

In the opinion in Kelly v. Morse, 3 Neb. 224, it is said: "Without doubt the word 'may' in public statutes should be construed as 'must' whenever it becomes necessary, in order to carry out the intent of the legislature, but in all other cases this word, like any other, must have its ordinary meaning." There has been no departure from this pronouncement in the later decisions of this court. The reasoning is sound and should continue to control.

There is nothing in this section or the entire act of which it is a part which could give rise to any conclusion that the Legislature intended other than to lodge in the county boards of mental health a discretion to allow or disallow an application made pursuant to statute for care and treatment in the home county of inmates of state hospitals for the mentally ill who are not yet cured.

The demurrer was properly sustained and the action properly dismissed.

The judgment of the district court is affirmed.

AFFIRMED.