UNITED STATES v. BOWDEN et al.

No. 4035.

United States Court of Appeals
Tenth Circuit.

April 28, 1950.

Benjamin Forman, Atty., Dept. of Justice, Washington, D. C. (H. G. Morison, Asst. Atty. Gen., Paul A. Sweeney, Atty., Dept. of Justice, Washington, D. C., and Scott M. Matheson, U. S. Atty., Salt Lake City, Utah, were with him on the brief), for the United States.

No appearance for appellees.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

On August 23, 1949, the clerk of the court below entered a default judgment against the Bowdens in favor of the United States for $153.93, being the balance due on a promissory note. On August 27, 1949, the clerk taxed costs against the Bowdens, but did not include the attorney's docket fee of $20 claimed by the United States. The District Court, on motion to retax the costs, refused to tax the attorney's docket fee.

28 U.S.C.A. § 1923 in part provides:

"(a) Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:

"$20 on trial or final hearing in civil, criminal or admiralty cases, except that in cases of admiralty and maritime jurisdiction where the libellant recovers less than $50 the proctor's docket fee shall be $10;

"$20 in admiralty appeals involving not over $1,000;

"$50 in admiralty appeals involving not over $5,000;

"$100 in admiralty appeals involving more than $5,000;

"$5 on discontinuance of a civil action; * * *."

The former statute, 28 U.S.C.A. §§ 571 and 572, in part read:

"§ 571. Fees to be taxed. The following fees and no other shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, and

to district attorneys, except in cases otherwise expressly provided by law. * * *

"§ 572. Attorneys, solicitors, and proctors. On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of $20: *Provided,* That in cases of admiralty and maritime jurisdiction, where the libellant recovers less than $50, the docket fee of his proctor shall be but $10. * * *"

Thus it will be seen that in the revision, the words *"may* be taxed" are substituted for the words *"shall* be taxed" in the former statute. (Italics ours.)

 The use of the word "may" in a statute will be construed as permissive and to vest discretionary power, unless the context of the statute clearly indicates a purpose to use it in a mandatory sense.[1]

 In proceedings in equity, the allowance and imposition of costs is a matter of discretion.[2]

The Federal Rules of Civil Procedure, 28 U.S.C.A., abolished the distinction between law and equity and provided for one form of action, to be known as a civil action. Rule 54(d) of such rules provides: "Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *"[3]

 We are of the opinion that the revisers substituted the word "may" advisedly with the purpose of bringing the statute into harmony with the equity rule and Rule 54(d) and made the taxation of statutory costs a matter within the discretion of the court. The use of the word "shall" in

the exception clause in § 1923 is not, in our opinion, significant. It simply prescribes the different amounts of costs, if costs in the discretion of the court are to be taxed.

 While we entertain no doubt that the entry of the default judgment was a final hearing within the meaning of the statute, we conclude that the taxation of costs is a matter vested in the sound discretion of the trial court.

The cause will be remanded with instructions to the trial court to vacate the order denying the motion to retax the costs and to determine in the exercise of its discretion whether an attorney's docket fee should be taxed as costs against the defendants below.

---

1. Mayor v. Board of Land Com'rs of Wyoming, 64 Wyo. 409, 192 P.2d 403, 411; State ex rel. Hubbard v. Northwald, 150 Neb. 894, 36 N.W.2d 282, 283, 284; Fleishman v. Kremer, 179 Md. 536, 20 A.2d 169, 171; Lansdown v. Faris, 8 Cir., 66 F.2d 939, 941; Western Distributing Co. v. Public Service Commission, D.C.Kan., 58 F.2d 239, 241.

2. Kittredge v. Race, 92 U.S. 116, 121, 23 L.Ed. 488; Newton v. Consolidated Gas

Co., 265 U.S. 78, 83, 44 S.Ct. 481, 68 L.Ed. 909; ex parte Peterson, 253 U.S. 300, 317, 40 S.Ct. 543, 64 L.Ed. 919; See, also, Buck v. Bilkie, 9 Cir., 63 F.2d 447.

3. See Fishgold v. Sullivan Dry Dock & Repair Corp., 328 U.S. 275, 284, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110; Moore's Federal Practice Under the New Federal Rules, Vol. 3, § 54.04.