### UNITED STATES v. NEW YORK CENT. R. CO.

#### Civ. No. 6410.

United States District Court
N. D. Ohio, W. D.
May 21, 1951.

Don C. Miller, U. S. Atty., Cleveland, Ohio, Gerald P. Openlander, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

D. L. Sears, (of Doyle, Lewis & Warner), Toledo, Ohio, for defendant.

KLOEB, District Judge.

This matter comes before the Court on the motion of the defendant, The New York Central Railroad Company, for an order to retax the costs in this case and to disallow the item of $20.00 taxed as attorneys' fees.

This case involved a violation of Sec. 71 of Title 45 United States Code Annotated, commonly known as the 28 Hour Law, the specific charge being that thirty-six head of cattle had been confined in cars by the defendant for a period of forty-four hours.

Sec. 73 of Title 45 United States Code Annotated provides a penalty for violation of this law of not less than $100.00, nor more than $500.00.

The case was settled by consent entry, whereby judgment was entered in the sum of $100.00 and costs. In the certification of costs by the United States Attorney the following item was included: "Docket fees under Sec. 1923 $20.00". The defendant objects to the inclusion of this item in the costs.

The pertinent part of Sec. 1923 of Title 28 U.S.C.A. reads as follows:

"§ 1923. Docket fees and costs of briefs

"(a) Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:

"$20 on trial or final hearing in civil, criminal or admiralty cases, except that in cases of admiralty and maritime jurisdiction where the libellant recovers less than $50 the proctor's docket fee shall be $10; * * *".

This section was passed by the Congress on June 25, 1948, and it consolidated Secs. 571, 572 and 578 of Title 28 United States Code.

Sec. 572 read as follows:

"§ 572. Attorneys, solicitors and proctors.

"On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of $20; Provided, That in cases of admiralty and maritime jurisdiction, where the libelant recovers less than $50, the docket fee of his proctor shall be but $10. * * *"

It will be seen that, in the revision, the words "may be taxed" are substituted for the words "shall be taxed" in the former statute.

It thus appears that the Congress intentionally changed the wording of former Sec. 572 to make the assessment of the tax permissive.

As one of its grounds in support of the motion, the defendant contends that the entry of a consent judgment is not a final hearing within the meaning of Title 28, § 1923. The Court deems it unnecessary to pass upon this contention in view of the conclusion arrived at under the permissive wording of the present statute.

The case of United States v. Bowden, 10 Cir., 182 F.2d 251, is a case directly in point. The Court there held that the entry of a default judgment was a final hearing within the meaning of the statute and further concluded that the taxation of costs is a matter vested in the sound discretion of the trial court.

It is interesting to note that this opinion bears date April 28, 1950 and that, under date of May 23, 1950, the same Court rendered an amended decision, which reads as follows:

"This cause came on further to be heard on May 23, 1950, (May Term, 1950), and an order was entered which is as follows:

"It is now here ordered by the court that the word 'affirmed' appearing at the end of the opinion in this cause be and the same is hereby stricken, and that the opinion be amended by adding the following:

"'The cause will be remanded with instructions to the trial court to vacate the order denying the motion to retax the costs and to determine in the exercise of its discretion whether an attorney's docket fee should be taxed as costs against the defendants below.'

"It is further ordered that the judgment of this court entered on April 28, 1950, pursuant to the opinion, be amended by striking the last paragraph of such judgment and in lieu thereof substituting the following:

" 'On consideration whereof, it is now here ordered and adjudged by this court that this cause be and the same is hereby remanded to the United States District Court for the District of Utah with instructions to the trial court to vacate the order denying the motion to retax the costs and to determine in the exercise of its discretion whether an attorney's docket fee should be taxed as costs against the defendants below.' "

If the item of costs of $20.00 is required to be paid, it must be covered into the Treasury of the United States by the Clerk of Courts. In the opinion of the Court it thereby, in effect, becomes a penalty imposed upon the defendant over and above the penalty agreed upon between the parties as a reasonable penalty under the facts existing in the case. The Court sees no necessity for indirectly augmenting a penalty that has been agreed upon by the parties and approved by the Court.

The Court is of the opinion that in this case, as well as in future penalty cases of this character, the Clerk should not tax an additional $20.00 as and for attorney's fees. It also can well be seen that, in cases involving default judgments, the imposition of such a tax is improper in that it may well, and undoubtedly often does, work a distinct hardship. The Court has in mind particularly the type of cases growing out of alleged violation of the rent control law, as well as cases filed under the Federal Housing law wherein, often, and perhaps as a general rule, default judgments are entered.

The Clerk is, therefore, instructed to disallow the item of $20.00 charged as docket fees under Sec. 1923, and is further instructed to disallow such an item in the future in cases involving the entry of a default judgment.

An order may be drawn accordingly.