IN RE ESTATE OF CHARITY B. COUCH, DECEASED.
NEBRASKA WESLEYAN UNIVERSITY, A CORPORATION,
APPELLEE, V. ESTATE OF CHARITY B. COUCH, DECEASED,
APPELLANT.
103 N. W. 2d 274

Filed May 27, 1960. No. 34771.

*Baskins & Baskins*, for appellant.

*Stewart, Stewart & Calkins* and *James W. Hewitt*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action upon a subscription note in favor of the endowment fund of Nebraska Wesleyan University. The defense of no consideration was asserted. The trial court found for the plaintiff and the defendant has appealed.

Nebraska Wesleyan University was incorporated under the laws of Nebraska in 1887 and since that date has continuously operated a nonprofit educational institution known as Nebraska Wesleyan University at Lincoln. The endowment fund of the university was established more than 40 years ago. It has always been divided into unrestricted funds which contain assets on which no restrictions were imposed by donors on the use of the income and restricted funds which contain assets on which restrictions were imposed. The restricted funds are divided into several specific funds, including a scholarship fund, in order that the income from such funds may be used in compliance with the restrictive use specified by the donors.

On November 9, 1927, Charity B. Couch executed and delivered to the university a subscription note in words and figures as follows: "In consideration of my interest in Christian Education and of other subscriptions to this Endowment, Building and Expense Fund, I hereby subscribe and promise to pay to the Nebraska Wesleyan University, the sum of Five thousand and No/100 DOLLARS. When this note is paid it shall become a part of Scholarship Fund to help worthy girls through the University. Due and payable at or before my death. For value received, subject to the following conditions: (printed conditions stricken)."

The stated consideration is sufficient in the foregoing note under our holdings in In re Estate of Griswold, 113 Neb. 256, 202 N. W. 609, 38 A. L. R. 858; In re Estate

of Luce, 137 Neb. 846, 291 N. W. 562; and Cotner College v. Estate of Hester, 155 Neb. 279, 51 N. W. 2d 612. In the Griswold case the court said: "While in the case of a mere promise to make a gift or donation to a college subject to no condition and imposing no obligation upon the college with respect thereto could not be enforced, we think that when, as in this case, the college is required to perform certain duties with respect to the specific fund, its acceptance thereof and reliance thereon and promise to carry out the wishes of the donor supply the consideration." We adhere to this holding and conclude that an adequate consideration exists for the foregoing subscription note.

It is the primary contention of the defendant, however, that certain writings in and on the back of the subscription note indicate a want of consideration for the note. The writings on the back of the note are as follows:

"At any time, the maker of this note desires she may pay any part of this note & the Nebr. Wesleyan University agrees to issue Annuity Bond for the Amount paid & pay interest on such Annuity Bond Semi Annually.

"Paid by check 11-9-27 - $500.00 Above credit cancelled by our check for $500.00 to Mrs. Couch. See Check Register P. 211.

"Ogallala Neb. Jan 17 1934. To establish the Ilus and Charity Couch Memorial Scholarships    Charity Couch."

Defendant contends that these writings written in longhand control the printed portion of the subscription note. We agree that this is correct where there is conflict between the printed and written portions of the instrument. Jacobsen v. Farnham, 155 Neb. 776, 53 N. W. 2d 917, 33 A. L. R. 2d 543.

The purpose of the writings was to provide for payments on the subscription note prior to the donor's death, with a retention of the income therefrom until her death. We find nothing in this that would in any manner af-

fect the consideration shown by the face of the note. The writings show that the donor did pay $500 on the note on November 9, 1927. At her request the university returned the $500 to her in lieu of an annuity bond for that amount. The receipt given by the donor authorized the cancellation of the $500 credit on the subscription note and provided further that it would leave "the estate note for $5,000 to be paid out of my estate at my death." This was in accordance with the optional method of payment contained in the writing and in no way affected the consideration recited on the face of the note.

It is contended that the written portion of the face of the note providing, "When this note is paid it shall become a part of Scholarship Fund to help worthy girls through the University," and the writing on the back of the note providing, "To establish the Ilus and Charity Couch Memorial Scholarships," indicate a want of consideration for the note. We point out that the one is a restriction upon the use of the income and the other a condition, both of which were impliedly agreed to by the university by its acceptance and retention of the note. They were not inconsistent with the promise of the donor to pay the $5,000 to the Endowment, Building and Expense Fund, in view of the many specific funds set up within the scope of the endowment fund for the purpose of carrying out the desires of donors. The willingness of the university to name the fund the Ilus and Charity Couch Memorial Scholarships and to use the income to help worthy girls through the university is not inconsistent with her interest in Christian education and of other subscriptions to the endowment fund, the consideration stated on the face of the note. We conclude that the restrictions and conditions, impliedly accepted by the university, were consistent with and not incompatible with the consideration recited on the face of the note. Conditions and restrictions contained in or endorsed upon a subscription note, not in-

522

consistent with the subscription contract, and which were accepted by the donee, do not have the effect of destroying the original consideration for the contract. Consequently, a valid consideration for the subscription note existed and the defense of no consideration is without merit.

The trial court having arrived at the same conclusion, the judgment is affirmed.

AFFIRMED.