SPENCER-O'NEILL HOUSE, INC., APPELLEE, v. DONALD E. DENBECK ET AL., APPELLANTS.

243 N. W. 2d 767

Filed July 7, 1976. No. 40512.

Magnuson & Magnuson, for appellants.

Ronald D. Olberding, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This action is to collect the taxes for January 1970 on property purchased by the plaintiff-appellee from the defendants-appellants. The action was tried to the court which rendered judgment for the plaintiff. We affirm.

Three individuals entered into a contract to buy the Town House Inn, a Best Western franchise located in O'Neill, Nebraska, with the understanding that a corporation which they intended to form and in which they would be stockholders would be the buyer. The original agreement provided for a possession date of January 1, 1970. It also provided, under the general heading "Taxes," as follows: "Sellers agree to pay the 1969 real estate and personal property taxes. Buyers agree to assume and pay before the same become delinquent, all real estate, personal property and other taxes which may be assessed and levied upon any of the assets of this business for the year 1970 and all subsequent years."

Under the heading "Covenants of the Buyers" it provided as follows: "Buyers further agree that they will pay all real estate and personal taxes to be assessed and levied on said property commencing with the year 1970 and for all subsequent years, and that they will pay the

various installments thereof before the same become delinquent."

The prospective buyers notified the defendants the contract was unacceptable because it was impossible for them to take over the motel on the first day of January. The contract was then changed by interlineation. These interlineations were initialed by all the parties. The record is not clear as to whether these interlineations were made before or after the contract was executed by all the parties. This point, however, is immaterial because the parties agree on what changes were made but disagree on the interpretation to be placed on them.

The contract was changed by providing for a possession date of February 1, 1970. The provision on taxes under the heading "Covenants of the Buyers" was changed to read: "Buyers further agree that they will pay all real estate and personal taxes to be assessed and levied on said property commencing with Feb. 1, 1970 * * *." The only change made was to substitute "Feb. 1" for the words "with the year." The other provision quoted above on taxes was not changed in any way. There are therefore two inconsistent provisions on the payment of the 1970 taxes in the contract.

This action is brought by the plaintiff-corporation as the assignee of the individuals who executed the contract as buyers. In 1971, plaintiff became aware that the 1968 and 1969 taxes were unpaid. Several demands were made on the defendants to pay the taxes for which the property had been sold on tax sale certificates. In early 1972, the plaintiff tendered a check to the county treasurer for the full amount of all delinquent taxes, including those for 1970. It was then advised that the defendants had redeemed the 1968 and 1969 tax sale certificates so the plaintiff paid the 1970 taxes. Plaintiff, through its attorney, then renewed its demand on the defendants for the payment of the January 1970 taxes.

Defendants refused to pay the January 1970 taxes,

insisting the agreement made provided only for the payment of taxes through 1969. Plaintiff contends when the possession date was changed the buyers' obligation for the payment of 1970 taxes was also changed to require defendants to pay taxes for the month of January 1970.

Defendants set out 10 assignments of error. None of them have merit. We discuss only those pertinent to this appeal.

The trial court found the contract to be ambiguous and determined the intent of the parties to be taxes should be paid by the seller until possession was delivered to the buyers. There is indeed a patent ambiguity readily apparent on the face of the instrument. Where a contract is ambiguous, the court must determine the intent of the parties and resolve the ambiguity to give effect to that intent. Knight Bros., Inc. v. State (1972), 189 Neb. 64, 199 N. W. 2d 720. The ambiguity herein can be resolved by resort to well-recognized rules of construction.

Section 25-1216, R. R. S. 1943, provides when an instrument consists partly of written and partly of printed form, the former controls the latter where the two are inconsistent.

Writings in longhand in a contract control printed portions of such contract where there is a conflict between the printed and the written portions of the instrument. Nebraska Wesleyan University v. Estate of Couch (1960), 170 Neb. 518, 103 N. W. 2d 274.

Typewriting is writing within the contemplation of the statute providing that when an instrument consists partly of written and partly of printed form, the writing controls the printed form where the two are inconsistent. Flower v. Coe (1923), 111 Neb. 296, 196 N. W. 139.

Where, however, the contract is a typed one, as in the instant case, writing in longhand in the contract subsequent to the typing controls the typed provisions of the

contract where there is a conflict between the typed and the written portions of the instrument.

There is no question the longhand writing was inserted with the consent of all participants after the contract was typed, and on the record possibly before it was fully executed. The sale was contingent upon the parties securing a Best Western franchise and getting a liquor license. The evidence is undisputed, the buyers insisted on an extension to February 1 to permit them to secure a liquor license and a manager for the business. It is apparent to us the longhand interlineations which were intended to delay the transfer of possession until February 1 were intended to make the sale effective as of that time. Defendants were liable for all expenses and received all profits to that date. We agree with the trial court, the sellers who had the benefit of possession are required to pay the taxes for the month of January 1970. The failure to change the tax provision in both places was an obvious oversight, but the intention can be readily determined from the contract itself.

Donald Denbeck, one of the defendants, testified he changed the date of possession to February 1, 1970, at the request of the buyers but that everything else in the contract was to remain the same. Defendants contend that by paying the 1970 tax in full the plaintiff interpreted the contract contrary to its present position and that interpretation should be controlling. There is no merit to this contention. Plaintiff did not pay the 1970 tax until 1972 because it could not get the defendants to pay the 1968 and 1969 taxes prior to that time. It is a matter of common knowledge a county treasurer will not accept payment of taxes for any year unless taxes for all prior years are paid. Nor will the treasurer accept a partial payment of taxes for less than one-half a year. In any event, the then attorney for the plaintiff testified that previous to payment and tender of payment he made several demands on the defendants for the payment of the January 1970 tax. This evidence

is undisputed. This fact issue, if material, was resolved against the defendants and in our judgment correctly.

Defendants further contend the court erred in assessing the interest penalty on the 1970 taxes paid by the plaintiff against them. We disagree. As set out heretofore, it was not possible for the plaintiff to pay the 1970 taxes until the defendants had paid the taxes for the previous years. The property had been purchased by some third party on tax sale certificates. When it became apparent to plaintiff that defendants were not redeeming the tax sale certificates and paying the taxes for the previous years, the plaintiff, to mitigate its damages, tendered a check for the full amount of all delinquent taxes. It was then plaintiff discovered defendants had very recently paid the prior taxes. Plaintiff immediately paid the 1970 tax.

There is no merit to any of the defendants' assignments. It is very apparent defendants were attempting to take advantage of an omission to fully interline the contract to express the intent of the parties. There is no question as to the intent of the parties at the time of the interlineation. The judgment of the trial court is affirmed.

AFFIRMED.