RONNIE A. FLOOD, APPELLANT, V. HARRY E. KELLER,
C. E. BEAL, ROBERT W. BELL, FRANK FROST, DONALD
L. KROUPA, THOMAS F. DOWD, LEO J. DWORAK,
FRANK P. FOGARTY, JOHN S. McCOLLISTER, JOSEPH J.
CASCIO, SR., AND THE METROPOLITAN UTILITIES
DISTRICT, APPELLEES.

336 N.W.2d 549

Filed July 15, 1983. No. 81-804.

David J. Cullan of Cullan, Cullan & Morrison, and
Harry H. Foulks, for appellant.

Thomas A. Wurtz of W. L. Strong, Randall W.
Owens, Thomas A. Wurtz, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE,
HASTINGS, CAPORALE, and SHANAHAN, JJ.

HASTINGS, J.

The plaintiff, Ronnie A. Flood, in his petition in error filed in the District Court, alleged that he had been an employee of the defendant The Metropolitan Utilities District until terminated, because of alleged acts of vandalism on his part, by action of its board of directors consisting of the remaining named defendants. He brought this error proceeding seeking a review and reversal of the board's action, which was taken following a hearing mandated by Neb. Rev. Stat. § 14-1021 (Reissue 1977). Trial was had in

the District Court on the transcribed tape recordings of the proceedings held before the board of directors. The court held "that there exists competent evidence appearing of record to sustain the findings of the tribunal below" and ordered the petition in error dismissed.

Appellant has assigned several errors to the trial court's dismissal of his petition in error. Appellant claims the District Court erred in failing to require a complete transcript and bill of exceptions be made available to Flood by appellees; in its finding that Flood was not denied an adequate hearing by the M.U.D. board; by failing to dismiss the board's order for not being supported by competent evidence; and in its failure to hear additional evidence.

Appellant's first and major complaint raised in this appeal is that he was not given a full and complete transcript and bill of exceptions of the proceedings before the M.U.D. board after repeated requests for such documents. Appellant has been provided with a transcript and two cassette tape recordings of the proceedings before the board. It is claimed that other cassette tape recordings of the hearing are in existence, that they are relevant to appellant's case, but that M.U.D. has failed to produce them. In an effort to add these materials to the record presented to the District Court on appeal from the board's dismissal of Flood, a motion in re diminution of the record was made.

The record shows that a hearing was had on this motion by the District Court and that appellant's motion was denied. Appellant argues the denial of this motion was incorrect and these additional tapes should be produced by appellees.

There is no bill of exceptions setting forth the proceedings and evidence before the court at that hearing. We have no record of what occurred before the court with regard to this motion, except that the motion was made, a hearing was had, and the motion was denied. In the absence of a certified bill of

exceptions, review of a lower court's ruling on appeal is limited to whether the pleadings support the judgment entered by that lower court. *Blaha GMC-Jeep, Inc. v. Frerichs*, 211 Neb. 103, 317 N.W.2d 894 (1982). The pleadings in the matter of this motion simply indicate that a motion was made and denied. Such pleadings would allow for a granting or denial of the motion. The evidence on which this ruling was based has not been preserved and presented to this court on appeal. Without more, we cannot determine any basis for reversing the court's ruling on this motion.

" 'A judgment of the district court brought to this court for review is supported by a presumption of correctness, and the burden is upon the party complaining of the action of the district court to show by the record that it is erroneous. . . .' " *Scarpello v. Continental Assur. Co.*, 187 Neb. 395, 397, 191 N.W.2d 444, 446 (1971).

Appellant also claims he was not given an appropriate hearing before the M.U.D. board. He bases this claim on several aspects of the hearing before the board which he argues were irregular. The first aspect appellant complains of is the board's failure to require the witnesses to take an oath before testifying. Because such an oath was not required, appellant argues that any testimony is not competent evidence and therefore there is not sufficient competent evidence in the record to sustain his termination.

Primarily, appellant relies on Neb. Rev. Stat. § 14-1012 (Reissue 1977) in support of this argument. That section provides: "The board of directors of the water district or any committee of the members of the board shall have power to compel the attendance of witnesses for investigation of any matters that may come before the board, and the presiding officer of the board, or the chairman of the committee for the time being, may administer the requisite oaths, and the board or committee thereof shall

have the same authority to compel the giving of testimony as is conferred on courts of justice."

We do not read this statute to require the board to swear all witnesses before taking testimony from them. This statute states the presiding officer may administer oaths. The word "may" in this statute makes the administration of oaths a discretionary matter for the board. *State ex rel. Hubbard v. Northwall,* 150 Neb. 894, 36 N.W.2d 282 (1949).

Such an interpretation is in keeping with the long-established proposition that administrative agencies are not to be held to the same standards as courts of law: "The nature of evidence deemed competent in the context of administrative hearings has also been established. It is that which is relevant, admissible, and tends to establish the facts in issue; however, the investigation conducted by an administrative body is not intended to be carried out in observance of the technical rules adopted by courts of law. *Shepherd v City of Omaha, supra; Munk v. Frink,* 81 Neb. 631, 116 N.W. 525 (1908)." *Beasley v. City of Omaha,* 212 Neb. 153, 155, 322 N.W.2d 377, 379 (1982). We find that the swearing of witnesses before the board was not necessary and that their testimony is competent evidence.

Appellant also complains that the record before the board does show the admission into evidence of certain documentary evidence. Appellant claims this evidence may not be considered by the court. Without reaching this question, we hold that there was sufficient competent evidence adduced before the board to uphold the board's decision, without the consideration of any documentary evidence. *Caniglia v. City of Omaha,* 210 Neb. 404, 315 N.W.2d 241 (1982).

Gary Malmberg, an M.U.D. employee, testified that he saw Flood leaving the scene of the acts of vandalism soon after they occurred. Malmberg also testified that Flood admitted committing the acts of vandalism in question. Whether any documentary

evidence was improperly considered is harmless error at best and does not justify a reversal of the lower court's ruling.

The remainder of appellant's arguments deal with the court's refusal to allow the introduction of any evidence in the District Court that was not before the board. Appellant sought to depose witnesses and adduce testimony in the District Court. This matter comes before us as a proceeding in error.

"The procedure which is applicable to a proceeding in error is well established. It is discussed in detail in Anania v. City of Omaha, 170 Neb. 160, 102 N.W.2d 49. The review is solely upon the record made by the tribunal whose action is being reviewed, and *no new facts or evidence can enter into the consideration of the court.* Moser v. Turner, 180 Neb. 635, 144 N.W.2d 192. If the board acted within its jurisdiction and its findings are sustained by some competent evidence, its action must be sustained. Lynch v. City of Omaha, 153 Neb. 147, 43 N.W.2d 589. See, also, Lewis v. City of Omaha, 153 Neb. 11, 43 N.W.2d 419; First Nat. Bank & Trust Co. v. Ley, 182 Neb. 164, 153 N.W.2d 743; Ostler v. City of Omaha, 179 Neb. 515, 138 N.W.2d 826." (Emphasis supplied.) *Harnett v. City of Omaha*, 188 Neb. 449, 451, 197 N.W.2d 375, 377 (1972). It was not error for the District Court to deny the admission of any additional evidence in this case.

The M.U.D. board acted within its jurisdiction in this matter, and its decision is supported by competent evidence in the record. The decision of the board is correct and the judgment of the District Court is therefore affirmed.

AFFIRMED.