JAMES P. FOREHEAD, APPELLANT, V. FRANK GALVIN, APPELLEE.
371 N.W.2d 271

Filed August 2, 1985.  No. 84-291.

Ronald J. Palagi, for appellant.

Michael A. Fortune of Erickson & Sederstrom, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from a jury verdict in favor of defendant-appellee. The action was filed in the district court for Douglas County to recover for personal injuries sustained in an automobile collision between an automobile operated by the appellant, James P. Forehead, and one operated by the appellee, Frank Galvin. The accident occurred at the intersection of 120th and Maple Streets in Omaha, Nebraska.

Maple Street is an east-west street protected by stop signs at the north and south edges thereof where it intersects 120th Street.

Two errors are assigned. The first assignment of error alleges that the trial court wrongly sustained the objection to the opinion evidence of Dr. John E. Baerwald, a traffic engineer and accident reconstruction expert, as to the speed of the Galvin vehicle at the time of the accident as 59 miles per hour. The second assignment of error alleges that the trial court failed to instruct the jury that the defendant had a duty "to stop his vehicle to avoid the collision with Plaintiff's vehicle when Defendant had sufficient time to do so after observing Plaintiff's vehicle enter the intersection." We shall discuss the assignments in order.

Both parties concede that Dr. Baerwald qualified as an expert in the area of accident reconstruction and was well qualified to render an opinion when possessing necessary facts on which to base an opinion. The difficulty in this case was that appellant, though requested to by appropriate directions from the court, declined to furnish to the court the facts on which Dr. Baerwald based his opinion. While appellant's counsel laboriously asked of the witness the factors that he considered in arriving at an opinion as to the speed of the Galvin vehicle, he failed to ask of the witness the facts upon which the calculations were based. Neb. Rev. Stat. § 27-705 (Cum. Supp. 1984) provides: "The expert may testify in terms of opinion or inference and give reasons therefor without prior disclosure of the underlying facts or data, unless the judge requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination." The trial court, by precise order, declined to receive the opinion into evidence until the facts were disclosed. Counsel steadfastly refused or neglected to do so, and he cannot be heard to complain.

We said in *Northern Nat. Gas Co. v. Beech Aircraft Corp.*, 202 Neb. 300, 307, 275 N.W.2d 77, 81 (1979): "A trial court may, either on its own motion or in response to an objection, require an expert to disclose the underlying facts or data upon which the opinion is to be based before permitting the expert to render his opinion." The assignment of error is without merit.

As to the second assignment of error, we note that the bill of exceptions is incomplete. We are furnished only with Dr. Baerwald's testimony and no testimony of the parties to or witnesses of the accident itself. From this record we are unable to determine whether or not the proposed instruction would or would not have been warranted by the evidence. We note that the trial court did instruct on lookout and control.

The appellant, by record presented on appeal, must affirmatively establish the existence of a claimed error. *Flood v. Keller*, 214 Neb. 797, 336 N.W.2d 549 (1983). The record presented to this court does not demonstrate the error claimed.

AFFIRMED.