TANYA A. NIEDBALSKI, APPELLEE, V. BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 24 OF PLATTE CENTER, APPELLANT.

418 N.W.2d 565

Filed February 5, 1988.    No. 85-945.

Kelley Baker and Jerry Pigsley of Nelson & Harding, for appellant.

Robert R. Steinke of Allphin & Steinke, for appellee.

Mark D. McGuire of Crosby, Guenzel, Davis, Kessner & Kuester, for amicus curiae Nebraska State Education Association.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal in a proceeding in error to review the decision of the board of education of School District No. 24 of Platte Center, terminating the employment of the plaintiff, Tanya A. Niedbalski, at the close of the 1984-85 contract year.

The facts are largely undisputed. The plaintiff had been employed as a teacher by the defendant school district for approximately 5 years.

On March 12, 1985, a teacher's renewal contract was delivered to the plaintiff by Ernie Schmidt, the president of the board of education of the district. The terms and conditions of the renewal contract were contained in 11 paragraphs, paragraphs 9 and 10 of which specifically stated as follows:

NINTH: Hereafter, this contract may be continued by a

separate, annual written "Renewal Agreement" which shall incorporate all the provisions hereof by reference, except as stated on such Renewal Agreement. Renewal Agreements or renewal contracts must be executed by the Teacher and delivered to the Superintendent of Schools or the Secretary of the Board of Education of the District within fifteen (15) calendar days of receipt thereof from the district. Said Renewal Agreement or renewal contract shall not be offered to the Teacher prior to March 15. Contract renewal amendment, termination or cancellation shall also be subject to the requirements of Sections 79-12,111 through 79-12,114 R.R.S. (1982 Supp) and any other applicable state statutes.

TENTH: The failure to return a signed copy of the contract or renewal agreement to the Secretary of the Board of Education of the District on or before March 19, 1985 shall constitute a rejection by the Teacher of the offer of employment.

The date of "March 19, 1985," in paragraph 10 was typed in the printed agreement in the provided space and was of larger type size than the printed portion. Schmidt testified that he pointed out that return date to the plaintiff when he delivered the renewal contract to her. The plaintiff testified that she did not recall Schmidt's telling her that the contract had to be returned by March 19, 1985. However, she also testified that she signed the renewal contract on March 19 and intended to return the contract to school officials on that day. At various times during the day of March 19 she thought about returning the contract, but forgot to do so. At 11 that evening she remembered that she had left the contract on her desk. She immediately told her husband about her failure to return the contract that day, and they discussed the possibility of calling a member of the board of education to indicate that she would be returning the contract. They decided that since it was late in the evening she would not call and disturb anyone, and would return the contract the next morning. She returned the contract the next morning around 7:30 a.m. by placing it in the school board's mailbox in the office.

Schmidt testified that the plaintiff admitted to him that the

contract was being returned late and explained her reasons for doing so. Schmidt agreed with her that it was late and took the contract. The plaintiff recalled telling Schmidt her reasons for returning the contract on March 20, but does not remember using the word "late."

On April 12, 1985, the board of education notified the plaintiff that it was considering terminating her employment contract at the close of the 1984-85 school year due to her failure to return the contract on or before March 19, 1985. The letter cited Neb. Rev. Stat. § 79-12,112 (Cum. Supp. 1984), which provides in pertinent part that a school board may terminate a permanent certificated employee's contract for

> (3) failure of the certificated employee upon written request of the school board or the administrators of the school district to accept employment for the next school year within the time designated in the request, except that the certificated employee shall not be required to signify such acceptance prior to March 15 of each year . . . .

The letter also notified the plaintiff of the procedure to follow if she wished to have a hearing on the matter. The plaintiff responded by written request on April 12, 1985, that she wished to have a hearing. In a letter dated April 22, 1985, the board of education notified her of the date, time, and place of the hearing, the reason for considering termination of her employment, the statutory authority for such termination as set out in § 79-12,112(3), the name of the witness who would testify, the substance of his testimony, and the identity of each document to be introduced.

The hearing by the board of education was held on May 1, 1985, and the testimony described above was given by Schmidt and the plaintiff. Subsequently, the board of education adopted a resolution terminating the plaintiff's contract at the end of the 1984-85 contract year for the reason that she failed to sign and return the renewal contract on or before March 19, 1985.

The trial court found generally for the plaintiff and against the defendant, reversed and vacated the resolution purporting to terminate employment of the plaintiff, and ordered that she be restored to her teaching position and her salary reinstated. The defendant has appealed from that judgment.

In its first assignment of error the defendant contends that the district court failed to apply the correct standard of review.

In a proceeding in error, the district court, as well as this court, reviews the school board's decision to determine (1) whether the board acted within its jurisdiction and (2) whether the evidence is sufficient as a matter of law to support its decision. *Nuzum v. Board of Ed. of Sch. Dist. of Arnold, ante* p. 387, 417 N.W.2d 779 (1988); *Meier v. State, ante* p. 376, 417 N.W.2d 771 (1988); *Eshom v. Board of Ed. of Sch. Dist. No. 54,* 219 Neb. 467, 364 N.W.2d 7 (1985).

A review by petition in error is conducted solely on the record made by the tribunal whose action is being reviewed, and no new facts or evidence can enter into the consideration of the court. *Flood v. Keller,* 214 Neb. 797, 336 N.W.2d 549 (1983). If the tribunal acted within its jurisdiction and its findings are sustained by some competent evidence, its action must be sustained. *Flood v. Keller, supra.*

In this case the defendant acted within its jurisdiction. Section 79-12,112(3) authorizes the board to terminate a permanent, certificated teacher's contract for

> (3) failure of the certificated employee upon written request of the school board or the administrators of the school district to accept employment for the next school year within the time designated in the request, except that the certificated employee shall not be required to signify such acceptance prior to March 15 of each year . . . .

The plaintiff argues that the intent of the statute was to prevent a teacher from undue prejudice that would be imposed by a school board's demanding acceptance of a renewal contract prior to March 15 of each year, and to prevent a school board from undue prejudice that would result from a teacher who refused to indicate acceptance of a contract until a very late date. The plaintiff argues that in order for the defendant to terminate her contract, it must have been prejudiced by the late return. However, there is no language in the statute which limits the school board's right to terminate a teacher for the late return of a renewal contract to situations in which the school board is prejudiced by the late return.

Recognition that legislators typically vote on the language

of a bill generally requires this court to assume that the legislative purpose is expressed by the ordinary meaning of the words used . . . thus, in the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning. . . . Finally, it is not within the province of this court to read a meaning into a statute which is not warranted by the legislative language . . . .

(Citations omitted.) *Lawson v. Ford Motor Co.*, 225 Neb. 725, 727-28, 408 N.W.2d 256, 258 (1987).

The second issue is whether the evidence was sufficient as a matter of law to sustain the school board's decision. The evidence is sufficient as a matter of law if the board could reasonably find the facts as it did on the basis of the evidence before it. *Nuzum, supra.* Based on the evidence adduced at the hearing, there was sufficient evidence as a matter of law for the board to terminate the plaintiff's contract due to its late return. Paragraph 10 of the renewal contract stated that it was to be returned to the secretary of the board of education on or before March 19, 1985. The plaintiff admits that she did not return the contract until March 20, 1985. Under the terms of paragraph 10 the contract was clearly late.

The question then becomes whether, in light of the language in paragraph 9, the contract was ambiguous as to the return date. The defendant contends, in its second and third assignments of error, that the trial court erred in finding that the contract was ambiguous and in failing to give effect to the clear intent of the parties in construing the contract.

As this court stated recently in *Luschen Bldg. Assn. v. Fleming Cos.*, 226 Neb. 840, 847, 415 N.W.2d 453, 458 (1987):

[I]t is the law of Nebraska that the construction of a contract, if needed, is a question of law for the court as well as a duty that rests upon the court, and there can be no ambiguity unless and until an application of pertinent rules of interpretation leaves it really uncertain which of two or more possible meanings represents the true intention of the parties.

The provision in paragraph 9 is that the renewal contract must be executed by the teacher and delivered "within fifteen (15) calendar days of receipt thereof from the district." The

provision in paragraph 10 is that the failure to return a signed copy of the contract "on or before March 19, 1985," shall constitute a rejection by the teacher of the offer of employment.

The two paragraphs must be read together. Each provision establishes a deadline. Since March 19, 1985, was within 15 calendar days of the date of receipt, March 12, 1985, both conditions would be satisfied by a return of a signed copy of the contract on or before March 19, 1985.

But even if the two provisions are considered to be conflicting, the provision in paragraph 10 is controlling because it was written, while the provision in paragraph 9 was printed.

When an instrument consists partly of written and partly of printed form, the former controls the latter, where the two are inconsistent. Neb. Rev. Stat. § 25-1216 (Reissue 1985).

In *Spencer-O'Neill House, Inc. v. Denbeck*, 196 Neb. 456, 243 N.W.2d 767 (1976), we held that a provision written in longhand controlled typewritten provisions of the contract.

> Writings in longhand in a contract control printed portions of such contract where there is a conflict between the printed and the written portions of the instrument. Nebraska Wesleyan University v. Estate of Couch (1960), 170 Neb. 518, 103 N.W.2d 274.
>
> Typewriting is writing within the contemplation of the statute providing that when an instrument consists partly of written and partly of printed form, the writing controls the printed form where the two are inconsistent. Flower v. Coe (1923), 111 Neb. 296, 196 N.W. 139.

196 Neb. at 459, 243 N.W.2d at 769.

Although the plaintiff contends that she had a right to return the contract after March 19, 1985, the evidence shows that she understood the signed contract was to be returned not later than March 19, 1985. On cross-examination the plaintiff testified:

> Q- But you did intend to return it on the date the board set for you?
>
> A- Yes, I did.
>
> Q- And did you know that it was the Board of Education that directed that you return it on March 19th?
>
> A- Yes.
>
> Q- And you would have returned it, but you were busy

and forgot on March 19th?

A- Yes.

The evidence shows that both parties understood the final return date was March 19, 1985. It was only after the plaintiff was threatened with termination that she relied on the language in paragraph 9.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, J., dissents.